## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVEN TODD TOLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3151 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion to Dismiss or, Alternatively, Motion for Summary Judgment (d/e 7) filed by Defendant Michael J. Astrue, arguing that the Complaint is untimely.  Because the statute of limitations is an affirmative defense and Defendant has presented evidence outside the pleadings, the Court will address only the summary judgment portion of the Motion.  For the reasons that follow, the Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

On June 6, 2012, Plaintiff, Steven Todd Tolen, represented by

counsel, filed a Complaint seeking judicial review of the final decision of

the Commissioner of Social Security denying his application for Social

Security Disability and Supplemental Security Income Disability

benefits.  See d/e 1 (seeking review pursuant to 42 U.S.C. § 405(g)

(governing disability insurance benefit claims) and 42 U.S.C. §

1383(c)(3) (governing supplemental security income claims)).  The

Complaint alleges that the action was commenced "within the

appropriate time period set forth in the Action of Appeals Council on

Request for Review dated March 28, 2012."  See Compl. ¶ 3 (d/e 1).

On October 25, 2012, Defendant filed the Motion at issue herein.

Defendant asserts that Plaintiff's Complaint is time-barred because

Plaintiff filed the Complaint outside of the 60-day limitations period

provided in the Social Security Act.  Defendant supported the Motion

with the Declaration of Roger Weigel, Chief of Court Case Preparation

and Review Branch 1 of the Office of Appellate Operations, Office of

Disability Adjudication and Review, Social Security Administration, and

the exhibits attached to the Declaration.

In the Declaration, Weigel states that he is responsible for processing claims under Title XVI of the Social Security Act when a civil action has been filed in the State of Illinois.  Weigel Decl. ¶ 3. Information available to him disclosed the following.  Weigel Decl. ¶ 3.

On January 18, 2011, an administrative law judge (ALJ) issued a decision denying Plaintiff's claim for benefits.  Weigel Decl. ¶ 3(a); ALJ Decision (attached as Exhibit 1 of the Declaration) (d/e 7-2, pp. 9-16). By Notice of Decision dated January 18, 2011, Plaintiff was informed of the unfavorable decision.  Weigel Decl. ¶ 3(a); Notice of Decision (attached as Exhibit 1 to the Declaration) (d/e 7-2, pp. 6-8).

Thereafter, Plaintiff requested review of the decision.  <u>See</u> Weigel Decl. ¶ 3(a).  On March 28, 2012, the Appeals Council issued a Notice of Appeals Council Action (Notice) denying Plaintiff's request for review of the ALJ's hearing decision.  Weigel Decl. ¶ 3(a); Notice (attached as Exhibit 2 of the Weigel Declaration) (d/e 7-2, pp. 20-22). The Notice was sent to Plaintiff and his attorney (the same attorney in the case <u>sub judice</u>).  Weigel Decl. ¶ 3(a); Notice (d/e 7-2, p. 22).  The Notice

provides:

### Time to File Civil Action

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request.

Notice (d/e 7-2, p. 21).  Weigel states that, as of the date of his

Declaration (July 18, 2012), he was "not aware of any request for an

extension of time to file a civil action[.]"   Weigel Decl. ¶ 3(b).

Plaintiff filed the Complaint on June 6, 2012.  See Compl. (d/e 1).

In the Motion for Summary Judgment, Defendant asserts that the last

day on which Plaintiff could file an action for judicial review was Friday,

June 1, 2012 (65 days after the date of the Notice).

Plaintiff has not responded to Defendant's Motion.

## II. LEGAL STANDARD

"Summary judgment is appropriate when the pleadings and submissions in the record indicate the absence of any genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law." Mercatus Group, LLC v. Lake Forest Hosp., 641 F.3d 834, 839 (7th Cir. 2011); see also Fed.R.Civ.P. 56.  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The movant bears the burden of establishing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the non-movant must set forth specific facts demonstrating that there is a genuine issue for trial.  Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009).  Facts must be viewed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in favor of the non-movant.  See Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir.

2010).

### III.  ANALYSIS

Defendant argues Plaintiff's Complaint is time-barred because Plaintiff filed it outside of the 60-day limitations period provided in the Social Security Act.

Section 405(g) of the United States Code provides that an individual may obtain judicial review of a final decision of the Commissioner of Social Security by filing a civil action within 60 days "after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g); see also 42 U.S.C. § 1383(c)(3) (providing that the judicial review procedure set forth in § 405(g) applies to supplemental security income claims).  The 60-day time period is not jurisdictional but instead operates as a statute of limitations.  Bowen v. City of New York, 476 U.S. 467, 478 (1986).

While § 405(g) provides that the civil action must be filed within 60 days "after the mailing" of the notice, this has been interpreted to

mean that the civil action must be filed within 60 days of the individual's receipt of the notice.  See Jackson v. Commissioner of Social Security, 2011 WL 3563011, at *2 (C.D. Ill. 2011), citing 20 C.F.R. § 422.210(c), report and recommendation approved by 2011 WL 3563165 (2011); see also 20 C.F.R. § 404.981 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action").  Receipt is presumed to have occurred five days after the date that appears on the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 404.901; 20 C.F.R. § 422.210(c); see also Boyer v. Astrue, 2012 WL 6084633, at *2 (N.D. Ind. 2012) ("The date of receipt is presumed to be five days after the date on the notice").

In this case, the final decision of the Commissioner was issued on March 28, 2012 when the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Therefore, the date Plaintiff received the Notice is presumed to be Monday, April 2, 2012, which is five days after the date of such Notice, unless Plaintiff makes a reasonable showing that the notice was received on a different day.  Plaintiff, who has not

responded to the Motion for Summary Judgment, has not presented any

evidence that would demonstrate a genuine issue of material fact

regarding the date Plaintiff received the Notice.

With the presumption that Plaintiff received the Notice on April 2,

2012, he had 60 days thereafter–until Friday, June 1, 2012–to file a civil

action seeking judicial review of the decision.  Plaintiff did not file this

civil action until June 6, 2012.  While the 60-day period can be extended

by the Commissioner under certain circumstance, the undisputed

evidence in the record shows that no such extension was sought or

granted in this case.  See 20 C.F.R. § 416.1482 (providing that a party to

the decision or denial of review may request, in writing, an extension of

time to file an action in federal district court); 20 C.F.R. § 416.1411

(providing what constitutes good cause for missing the deadline to

request review); Weigel Decl. ¶ 3(b) (asserting that as of July 18, 2012,

Weigel was unaware of any request for an extension of time).

Plaintiff, by not responding, has also not shown any other basis for

extending the 60-day filing period.  For example, the 60-day filing period

can be subject to equitable tolling.  See <u>Bowen</u>, 476 U.S. at 480 (finding

that "application of a traditional equitable tolling principle to the 60-day

requirement of § 405(g) is fully consistent with the overall congressional

purpose and is nowhere eschewed by Congress") (internal quotation

marks and citations omitted).  A litigant is entitled to equitable tolling if

he demonstrates that he diligently pursued his rights but that some

extraordinary circumstance prevented timely filing.  <u>Holland v. Florida</u>,

130 S. Ct. 2549, 2562 (2010).  However, Plaintiff, by not responding to

the Motion, has failed to show the existence of any facts that would

create a genuine issue of material fact regarding whether the 60-day

limitation should be equitably tolled.

Therefore, the undisputed facts demonstrate that this case is barred

by the time limitations specified in 42 U.S.C. § 405(g) because Plaintiff's

civil action was not commenced within 60 days after the date of the

receipt of notice of the final decision of the Commissioner, nor within

any time as extended by the Appeals Council.

## IV.  CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (d/e 7), which is treated solely as a Motion for Summary Judgment, is GRANTED.  The Clerk of the Court is directed to enter judgment for Defendant and close this case.

ENTER: December 14, 2012

FOR THE COURT:

_____s/Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE